■ In the Matter of WALE OYEKOYA, Appellant, v NEW YORK STATE DEPARTMENT OF PAROLE, Respondent. [714 NYS2d 798] —Appeal from a judgment of the Supreme Court (McGill, J.), entered February 18, 2000 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which denied petitioner's request for conditional parole for deportation only.

Petitioner is a Nigerian citizen serving a $5\frac{1}{2}$ to 11-year sentence for his conviction of various counts of forgery, criminal possession of stolen property, falsifying business records and criminal impersonation. Prior to his parole eligibility date, petitioner applied for conditional parole for deportation only (hereinafter CPDO) pursuant to Executive Law § 259-i (2) (d) (i) after receiving his final order of deportation by the United States Immigration and Naturalization Service. Respondent denied petitioner's request without a hearing, stating that the program is currently on hold. Petitioner commenced this CPLR article 78 proceeding claiming that respondent wrongfully suspended the CPDO program without due process, thereby improperly denying his request for CPDO. Supreme Court dismissed the petition and we affirm.

Although petitioner met the requirements for CPDO eligibility, his receipt of a final order of deportation does not entitle

him to early parole release (*see, Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d 52, 53, *lv denied* 92 NY2d 811). Rather, Executive Law § 259-i (2) (d) (i) vests respondent with the discretion to grant early release for deportation purposes upon receipt of a final order of deportation. Accordingly, we agree with Supreme Court that it was within respondent's exercise of discretion to suspend the program for early CPDO prior to an inmate's parole eligibility date.

Cardona, P. J., Mercure, Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.