■ In the Matter of JOSE HOWITHI, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [796 NYS2d 195]—

Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered December 29, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is serving an aggregate prison sentence of 25 years to life following his 1980 convictions of murder in the second degree and manslaughter in the first degree for the shooting deaths of two men. Petitioner commenced this CPLR article 78 proceeding challenging the June 2003 determination denying his request for parole release. Supreme Court dismissed the petition and we affirm.

The Board of Parole was not required to give equal weight to all of the factors it considered in making its determination and, thus, was free to emphasize the seriousness of the instant offense and petitioner's poor prison disciplinary record (see Executive Law § 259-i; Matter of Farid v Travis, 17 AD3d 754 [2005]; Matter of Little v Travis, 15 AD3d 698, 699 [2005], appeal dismissed 4 NY3d 878 [2005]). Contrary to petitioner's contention, he is ineligible for conditional release for deportation only as he was convicted of murder in the second degree, which is an A-I felony offense (see Executive Law § 259-i [2] [d] [i]). Inasmuch as petitioner failed to demonstrate that the Board's determination was affected by " 'irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000], quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]), it will not be disturbed. Finally, petitioner's claims of alleged violations of his rights under the Vienna Convention at the time of his arrest are not properly before this Court.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.