■ In the Matter of BELA BORCSOK, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [823 NYS2d 310]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered April 3, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison term of 20 years to life for his 1982 convictions of murder in the second degree and criminal possession of a weapon in the fourth degree. The conviction stemmed from petitioner and a codefendant bludgeoning an acquaintance to death with a hammer. In February 2005, petitioner made his third appearance before the Board of Parole and his request for parole release was denied. After exhausting his administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition, prompting this appeal.

We find no merit to petitioner's contention that he was denied due process because the Board failed to fulfill its intended statutory duty of determining petitioner's fitness for parole release in accordance with Executive Law § 259-c. A review of the Board's decision and the parole interview establishes that in denying petitioner release on parole, the Board properly took into account the factors set forth in Executive Law § 259-i, which include not only the instant offense, but petitioner's criminal history, lack of disciplinary infractions since his last Board appearance, considerable programming accomplishments, educational achievements and postrelease plans. Although the Board ultimately determined that the brutal nature of the instant offense outweighed the other statutory factors, it was not required to specifically discuss or accord equal weight to each factor it considered in rendering its decision (*see Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]; *Matter of Defino v Travis*, 18 AD3d 1079, 1080 [2005]) nor grant parole release as a reward for good conduct (*see Matter of Harris v Chair of Div. of Parole*, 17 AD3d 822, 823 [2005]; *see also* 9 NYCRR 8002.1 [a]). In sum, the record discloses that the determination resulted from an exercise of the Board's discretion upon consideration of relevant statutory factors and was not affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York*

*State Bd. of Parole,* 50 NY2d 69, 77 [1980]), thereby precluding further judicial review (*see* Executive Law § 259-i [5]). Petitioner's remaining contentions, including that the denial of parole release amounted to a resentencing and that a verbatim record of the Board's internal deliberations was necessary, have been reviewed and found to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.