■ In the Matter of THEODORE STERLING, Appellant, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [833 NYS2d 684]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered July 14, 2006 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1984, petitioner was convicted of burglary in the second degree and murder in the second degree, and was sentenced to an aggregate term of 15 years to life in prison. In April 2005, he made his fifth appearance before the Board of Parole. At the conclusion of the hearing, the Board denied his request and ordered him held for an additional 24 months. Petitioner then commenced this CPLR article 78 proceeding challenging the Board's decision. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's claim, the record discloses that the Board did not deny petitioner parole release based solely upon the violent nature of his crimes. Rather it considered the relevant factors set forth in Executive Law § 259-i, including petitioner's negligible criminal history, his positive program accomplishments, his relatively clean prison disciplinary record and his postrelease plans (*see Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]; *Matter of Olivera v Dennison*, 22 AD3d 949, 949 [2005]). The Board was not required to give each factor equal weight and could, as it did, choose to place greater emphasis on the violent nature of petitioner's crimes (*see Matter of Freeman v New York State Div. of Parole*, 21 AD3d 1174, 1175 [2005]; *Matter of Howithi v Travis*, 19 AD3d 727, 727 [2005], *lv dismissed* 5 NY3d 821 [2005]). Because it cannot be

said that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.