■ In the Matter of WILLIAM F. BARNES, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [862 NYS2d 639]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered January 22, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, who is serving an aggregate prison term of 20 years to life following his 1979 conviction of murder in the second degree and escape in the first degree, commenced this CPLR article 78 proceeding following his fifth unsuccessful appearance before the Board of Parole in January 2007. Supreme Court dismissed the petition, finding that the Board's decision to deny petitioner's request for parole release was not irrational, and this appeal ensued.

We affirm. "It is well settled that decisions regarding release on parole are discretionary and will not be disturbed absent a showing of irrationality bordering on impropriety" (*Matter of Larmon v Travis*, 14 AD3d 960, 961 [2005] [internal quotation marks and citations omitted]; *see Matter of Salahuddin v Travis*, 17 AD3d 760 [2005], *lv denied* 5 NY3d 707 [2005]). To that end, although the Board indeed is required to consider the statutory factors set forth in Executive Law § 259-i (2) (c), it need not "enumerate, give equal weight to or explicitly discuss every factor considered" (*Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]; *see Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961 [2006], *lv denied* 8 NY3d 803 [2007]). Here, contrary to petitioner's assertion, the record does not reveal that the

Board denied petitioner's request for parole release solely upon the severity of the underlying offense. Rather, the record reflects that the Board also considered petitioner's good disciplinary record, his positive institutional adjustment and his successful completion of various programs. In sum, we are satisfied that the underlying determination evidences a proper exercise of the Board's discretion. Petitioner's remaining contentions, including his assertion that the Board's denial of his request for parole release constitutes a resentencing and that a verbatim transcript of the Board's internal deliberations is required, have been examined and found to be lacking in merit (*see Matter of Borcsok v New York State Div. of Parole*, 34 AD3d at 962).

Cardona, P.J., Carpinello, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.