■ In the Matter of MOHAMED ABBAS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [877 NYS2d 512]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered August 5, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1996 of, among other things, attempted murder in the second degree and sentenced to a lengthy term of imprisonment (*People v Abbas*, 269 AD2d 456 [2000], *lv denied* 95 NY2d 831 [2000]). In October 2000, the United States Department of Justice issued a deportation order against petitioner. Petitioner made his first appearance before the Board of Parole in April 2007 and, at the conclusion of that hearing, the Board denied petitioner's request for release and ordered that he be held for 24 months. Upon receiving no response to his administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. "It is well settled that decisions regarding release on parole are discretionary and will not be disturbed absent a showing of irrationality bordering on impropriety" (*Matter of Barnes v New York State Div. of Parole*, 53 AD3d 1012, 1012 [2008] [internal quotation marks and citations omitted]; *see Matter of De Lagarde v New York State Div. of Parole*, 23 AD3d 876, 876-877 [2005]). Here, the transcript of the parole hearing reveals that the Board considered the relevant statutory factors (*see* Executive Law § 259-i), including the severity of the underlying crimes, petitioner's substantial history of disciplinary infractions and his refusal to accept responsibility for his conduct. Although the Board's determination did not specifically reference the deportation order, the Board plainly was aware of its existence and, in any event, was "not required to

assign equal weight to or discuss every factor it considered in making its determination" (*Matter of Hunter v New York State Div. of Parole*, 21 AD3d 1178, 1178 [2005]). Further, while it is unclear whether the Board reviewed and considered the sentencing minutes, an examination thereof reveals that the sentencing court made no recommendations as to parole and, therefore, we deem any error in this regard to be harmless (*see Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008]). Finally, petitioner's claim that the Board's decision is the result of an informal executive policy of denying parole to violent felons, raised for the first time in his reply, is unpreserved for our review (*see Matter of Cruz v Travis*, 273 AD2d 648, 649 [2000]; *cf. Matter of Lunney v Goord*, 290 AD2d 687, 688 [2002]). In sum, as the Board's decision does not reflect irrationality bordering on impropriety (*see Matter of Barnes v New York State Div. of Parole, supra*), we decline to disturb it.

Cardona, P.J., Spain, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.