■ In the Matter of Victor Marziale Jr., Appellant, v George B. Alexander, as Chair of the Division of Parole, Respondent. [879 NYS2d 636]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered September 17, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner currently is serving a prison term of 15 years to life following his 1991 conviction of murder in the second degree (*People v Marziale*, 182 AD2d 1035 [1992], *lv denied* 80 NY2d 835 [1992]). Petitioner made his second appearance before the Board of Parole in October 2007 and, at the conclusion of the hearing, the Board denied petitioner's request for release and ordered him held for an additional 24 months. Upon receiving no response to his administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court dismissed petitioner's application, prompting this appeal.

Contrary to petitioner's assertion, the Board did not deny his request for release based solely upon the nature of the instant offense. Although the Board "need not enumerate, give equal weight to or explicitly discuss every factor considered" (*Matter*

*of Barnes v New York State Div. of Parole,* 53 AD3d 1012, 1012 [2008] [internal quotation marks and citations omitted]), a review of the record reveals that the Board considered the relevant statutory factors set forth in Executive Law § 259-i, including petitioner's positive program accomplishments and essentially clean disciplinary record, as well as his postrelease plans (*see Matter of Serrano v Dennison,* 46 AD3d 1002, 1003 [2007]; *Matter of Sterling v Dennison,* 38 AD3d 1145 [2007]). However, the Board also properly considered the violent nature of petitioner's crime, which involved stabbing the victim multiple times and then setting the body ablaze. Inasmuch as petitioner has failed to demonstrate that the Board's decision was irrational to the point of impropriety, we decline to disturb it (*see Matter of Garofolo v Dennison,* 53 AD3d 734, 735 [2008]). Petitioner's remaining contentions, including that Executive Law § 259-i creates an entitlement to release or parole subject to due process protection, have not been preserved for our review.

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.