■ In the Matter of ROY CRUZ, Appellant, v GEORGE ALEXANDER, as Chair of the Division of Parole, Respondent. [890 NYS2d 656]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered May 7, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison sentence of 20 years to life for his 1987 convictions of murder in the second degree and criminal possession of a weapon in the second degree. Petitioner made his second appearance before the Board of Pa-

role in October 2007, after which the Board denied his release and ordered him held for an additional 24 months. Petitioner, thereafter, commenced this CPLR article 78 proceeding to challenge this determination. Supreme Court dismissed the petition, and he now appeals.

We affirm. Decisions regarding parole release are discretionary and they will not be disturbed absent a "showing of irrationality bordering on impropriety" (*Matter of Barnes v New York State Div. of Parole*, 53 AD3d 1012, 1012 [2008] [internal quotation marks and citations omitted]; *see Matter of Marziale v Alexander*, 62 AD3d 1227, 1228 [2009]). Here, the record demonstrates that, contrary to petitioner's contention, the Board fully considered his programmatic achievements, disciplinary record, history of drug use, refusal to take responsibility for the crime, and the severity of the underlying offense, in reaching its determination to deny him discretionary release. As such, we find that the Board appropriately considered the factors enumerated in Executive Law § 259-i (2) (c) and find no reason to disturb its decision (*see Matter of Marziale v Alexander*, 62 AD3d at 1227-1228; *Matter of Barnes v New York State Div. of Parole*, 53 AD3d at 1013). Furthermore, although it is unclear whether the Board considered petitioner's sentencing minutes, a review of the minutes reveals that no parole recommendations were made by the sentencing court and, thus, any failure to consider them was harmless error (*see Matter of Abbas v New York State Div. of Parole*, 61 AD3d 1228, 1229 [2009]; *Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008]).

Petitioner's remaining contentions have been reviewed and rejected as lacking in merit.

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.