■ In the Matter of JAMES WILLIAMS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [894 NYS2d 224]—

Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered July 30, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison sentence of 25 years to life for his 1976 convictions of, among other things, attempted murder in the first degree and assault in the first degree. In March 2008, petitioner made his fifth appearance before the Board of Parole seeking parole release. The Board denied his request and ordered him held for an additional 24 months. Upon receiving no response to his administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's decision. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. Initially, although the Board is required to consider his sentencing minutes in making its determination (*see* Executive Law § 259-i), we reject petitioner's contention that the failure of the Board to consider the minutes, under these circumstances, deprived him of a fair hearing. The record reflects that the Board requested the minutes, but was informed, through correspondence in the record from the sentencing court, that the minutes cannot be found. Inasmuch as the unavailability of the sentencing minutes is adequately established in the record, the Board's inability to consider them did not render its decision irrational to the point of impropriety (*see Matter of Blasich v New York State Bd. of Parole*, 68 AD3d 1339, 1340 [2009]; *Matter of Freeman v Alexander*, 65 AD3d 1429, 1430 [2009]).

The hearing transcript establishes that the Board considered the remaining statutory factors set forth in Executive Law § 259-i in making its decision, including the seriousness of petitioner's crimes, his criminal history, institutional record, program accomplishments and postrelease plans (*see Matter of MacKenzie v Dennison*, 55 AD3d 1092, 1092 [2008]; *Matter of Fransua v Alexander*, 52 AD3d 1140, 1141 [2008]). Contrary to

petitioner's contention, the Board is required to consider the same factors each time he appears before it (*see* Executive Law § 259-i [2] [c] [A]). Further, the Board "need not enumerate, give equal weight to or explicitly discuss every factor considered" (*Matter of Barnes v New York State Div. of Parole*, 53 AD3d 1012, 1012 [2008] [internal quotation marks and citations omitted]; *see Matter of Abbas v New York State Div. of Parole*, 61 AD3d 1228, 1228-1229 [2009]) and may place a greater emphasis on the seriousness of his crime (*see Matter of Karlin v Alexander*, 57 AD3d 1156, 1157 [2008], *lv denied* 12 NY3d 704 [2009]).

We have examined petitioner's remaining contentions, including that his rights to due process and equal protection were violated, and find them to be without merit. Accordingly, the determination will not be disturbed.

Cardona, P.J., Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.