■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SPYRO GERMENIS, Appellant, v RAYMOND CUNNINGHAM, as Superintendent of Woodbourne Correctional Facility, et al., Respondents. [899 NYS2d 907]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered March 20, 2009 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1983, petitioner was convicted of the crime of murder in the second degree and was sentenced to 15 years to life in prison. In December 2007, he reappeared before the Board of Parole and again requested parole release. At the conclusion of the hearing, his request was denied. Petitioner then brought this application pursuant to CPLR article 70 for a writ of habeas corpus contending that he was entitled to immediate release from custody because respondents breached an implied agreement that guaranteed him parole if he participated in recommended programs while incarcerated. Supreme Court

dismissed petitioner's application without a hearing and this appeal ensued.

Petitioner premises his claim upon form 3617 of the Department of Correctional Services (hereinafter DOCS), denominated a "Program Refusal Notification," signed by him as well as a DOCS representative, which advised, among other things, that his "refusal to participate in recommended programming may result in the denial of [p]arole." Petitioner asserts that, by implication, this notification amounted to a contractual obligation to release him on parole in the event that he participated in recommended programming, which he apparently did.

Petitioner's argument is meritless. The document in question discloses no basis upon which to conclude that it created a contractual obligation. Parole release decisions, which are made by the Board of Parole, not DOCS, are discretionary and must be based upon a consideration of the statutorily enumerated factors set forth in Executive Law § 259-i (*see Matter of Johnson v New York State Div. of Parole*, 65 AD3d 838, 839 [2009]; *Matter of Barnes v New York State Div. of Parole*, 53 AD3d 1012, 1012 [2008]). Notably, parole need not be granted as a reward for good conduct (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961, 961 [2006], *lv denied* 8 NY3d 803 [2007]; *Matter of Gaston v Berbary*, 16 AD3d 1158, 1159 [2005]), nor as a quid pro quo for participation in recommended DOCS programs. Supreme Court properly dismissed his application.

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.