◼ In the Matter of CHRISTOPHER L. MORRISON, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, et al., Respondents. [916 NYS2d 655]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 19, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 2008, petitioner was convicted of sexual abuse in the first degree, attempted criminal sale of a controlled substance in the third degree and forgery in the second degree, and is currently serving a prison sentence. His initial appearance before the Board of Parole was in 2009 and his request for parole release was denied. After he failed to receive a timely response to his administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and petitioner appeals.

Petitioner initially points out that the Board incorrectly stated in its decision that he had been convicted of forgery in the first degree. He made no effort to correct that misunderstanding,

■■■■■■■■■■■■■■■■■■■■■■■■

however, which apparently originated from the uniform sentence and commitment form and was also included on his inmate status report.* Indeed, he confirmed not only that he had been convicted of forgery in the first degree, but also the facts underlying that conviction, when asked by the Board to do so. Under those circumstances, as well as the Board's consideration of numerous other relevant factors in denying parole and the lack of any indication that its decision was meaningfully affected by the error, we perceive no reason to disturb the Board's decision on the basis of this discrepancy (*see Matter of Restivo v New York State Bd. of Parole*, 70 AD3d 1096, 1097 [2010]; *Matter of Morel v Travis*, 278 AD2d 580, 581 [2000], *appeal dismissed and lv denied* 96 NY2d 752 [2001]; *Matter of Lynch v New York State Div. of Parole*, 82 AD2d 1012, 1012-1013 [1981]; *cf. Matter of Lewis v Travis*, 9 AD3d 800, 801 [2004]).

The record reflects that the Board considered the relevant statutory factors in rendering its decision, including the seriousness of petitioner's crimes as well as his postrelease plans, limited program accomplishments and extensive prison disciplinary record (*see* Executive Law § 259-i [2] [c]). Petitioner complains that the Board failed to consider letters submitted in support of his parole release, but those letters were before the Board, which was not required to accord equal weight to or discuss every factor considered by it (*see Matter of Williams v New York State Div. of Parole*, 70 AD3d 1106, 1107 [2010], *lv denied* 14 NY3d 709 [2010]; *Matter of Abbas v New York State Div. of Parole*, 61 AD3d 1228, 1228-1229 [2009]). Inasmuch "as the Board's decision does not reflect irrationality bordering on impropriety," we affirm (*Matter of Abbas v New York State Div. of Parole*, 61 AD3d at 1229).

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* After petitioner's appearance before the Board, an amended and accurate commitment form was issued.