■ In the Matter of Eugene A. Mullins, Appellant, v New York State Board of Parole, Respondent. [25 NYS3d 698]—

Devine, J. Appeal from a judgment of the Supreme Court (Koweek, J.), entered October 1, 2014 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison term of 25 years to life as the result of his conviction of murder in the second degree stemming from the slaying of a woman in 1982. In January 2013, petitioner made his fourth appearance before respondent, which again denied his request for parole release and ordered

him held for an additional 24 months.* Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition following joinder of issue, and this appeal ensued.

Contrary to petitioner's contention, the record demonstrates that respondent complied with the statutory requirements in rendering its discretionary determination to deny petitioner's request for parole release. A review of the hearing transcript reflects that relevant statutory factors were considered by respondent in rendering its determination, including petitioner's positive programming and disciplinary record, plans upon release, his COMPAS Risk and Needs Assessment instrument, the nature of the instant offense and his otherwise clean criminal record (*see* Executive Law § 259-i [2] [c] [A]; *see also Matter of Hamilton v New York State Div. of Parole*, 119 AD3d 1268, 1270 [2014]). Although particular emphasis was placed upon the nature of the offense, respondent was not required to give equal weight to or specifically discuss each factor it considered in making the determination (*see Matter of Hamilton v New York State Div. of Parole*, 119 AD3d at 1270-1272; *Matter of Martinez v Evans*, 108 AD3d 815, 816 [2013]). Furthermore, "[t]he fact that [respondent] did not recite the precise statutory language of . . . Executive Law § 259-i (2) (c) (A) in support of its conclusion to deny parole does not, as urged by petitioner, undermine its conclusion" (*Matter of Reed v Evans*, 94 AD3d 1323, 1323 [2012] [internal quotation marks and citation omitted]). Given that the determination resulted from a proper exercise of respondent's discretion after consideration of the relevant statutory factors, and inasmuch as petitioner does not demonstrate that the determination is the result of "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citations omitted]), further judicial review is precluded (*see Matter of Hamilton v New York State Div. of Parole*, 119 AD3d at 1271; *Matter of Olmosperez v Evans*, 114 AD3d 1077, 1078 [2014], *affd* 26 NY3d 1014 [2015]; *Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961, 961 [2006], *lv denied* 8 NY3d 803 [2007]). Petitioner's remaining contentions, including that the 24-month hold until his next appearance before respondent amounts to resentencing, have been reviewed and found to be without merit.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner's next parole appearance has been postponed while this proceeding is pending.