■ In the Matter of Samuel Abrams, Appellant, v Tina M. Stanford, Respondent. [56 NYS3d 114]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York State Board of Parole dated March 10, 2014, which, in effect, rescinded the petitioner's conditional parole for deportation only, which had been granted in its determination dated February 18, 2014, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated April 6, 2015, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination dated March 10, 2014, is annulled, and the petitioner's grant of conditional parole for deportation only is reinstated.

After serving 20 years of an indeterminate term of imprisonment of 20 years to life, the petitioner was denied parole in January 2012. He secured a rehearing by order of the Supreme Court, Albany County.

At the rehearing on February 18, 2014, more than two years after the original hearing, the petitioner was granted conditional parole for deportation only by a divided two-to-one vote of the New York State Board of Parole (hereinafter the Parole Board). As he had been issued a final removal order in 2002, it appeared that the petitioner would be deported to Guyana. In a determination dated February 24, 2014, the Parole Board granted conditional parole for deportation only "effective today 2/18/14," which was the date of the rehearing. However, in a

determination dated March 10, 2014, the Parole Board, in effect, rescinded the grant of conditional parole for deportation only by making the grant "effective 1/24/12," the date of the original parole hearing, to expire "not later than 01/2014," even before the February 24, 2014, determination had been rendered.

The petitioner commenced the instant proceeding pursuant to CPLR article 78 to challenge the determination dated March 10, 2014. The Supreme Court, in effect, denied the petition and dismissed the proceeding.

On appeal, the petitioner seeks to restore his grant of conditional parole for deportation only, or, in the alternative, a de novo hearing.

The Parole Board contends that the instant appeal has been rendered academic because, subsequent to the determination under review, the petitioner was afforded another de novo parole hearing and denied parole. Contrary to this contention, while a subsequent denial of parole release renders an appeal from a previous denial of parole academic (*see Matter of Moissett v Travis*, 97 NY2d 673, 674 [2001]; *Matter of Postall v Alexander*, 74 AD3d 1078 [2010]), here, the issue on appeal is not rendered academic by the subsequent proceedings (*see Lindsay v New York State Bd. of Parole*, 48 NY2d 883 [1979]; *Matter of McAllister v New York State Div. of Parole*, 78 AD3d 1413 [2010]). The petitioner does not challenge the general denial of parole in the determination under review, but rather, challenges only the rescission of the previous grant of conditional parole for deportation only. Any subsequent denial of general release to parole does not render academic the petitioner's contention on the instant appeal that the Parole Board improperly rescinded the previous grant of conditional parole for deportation only without a hearing or due process of law.

The Supreme Court, in the judgment appealed from, held that the petitioner was not eligible for conditional parole for deportation only status, because he was convicted of a class A-1 felony, citing *Matter of Howithi v Travis* (19 AD3d 727 [2005]). This argument was not raised by the respondent, who concedes that the petitioner, who has served his minimum sentence, is eligible for consideration for conditional parole for deportation only.

The position of the Parole Board on this issue is consistent with the language of Executive Law § 259-i (2) (d) (i), which contains two clauses to describe eligibility for conditional parole for deportation only, i.e., (1) "after the inmate has served his [or her] minimum period of imprisonment imposed by the

court" and (2) "or at any time after the inmate's period of imprisonment has commenced for an inmate serving a determinate or indeterminate term of imprisonment, provided that the inmate has had a final order of deportation issued against him [or her] and provided further that the inmate is not convicted of . . . an A-I felony offense other than an A-I felony offense as defined in article two hundred twenty of the penal law." The petitioner fell within the first clause. Inmates who fall within the second clause are eligible for what is referred to as early conditional parole for deportation only (*see* Department of Corrections and Community Supervision, New York State Parole Handbook § 2 [10]), which was not sought by the petitioner.

"When a statute is ambiguous and requires interpretation, the construction given to the statute by an administrative agency responsible for its administration should be upheld by the courts, unless the agency's interpretation is irrational, unreasonable, or inconsistent with the governing statute" (*Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 35 [2014] [citation omitted], citing *Matter of Toys "R" Us v Silva*, 89 NY2d 411, 418-419 [1996]). Once an inmate convicted of a class A-1 felony serves his or her minimum sentence, he or she can be considered for parole, subject to conditions imposed by the Parole Board. There is no basis for concluding that persons convicted of class A-1 felonies eligible for parole consideration cannot have parole conditioned upon deportation, while persons convicted of lesser crimes could have parole conditioned upon deportation.

The Parole Board argues that the petitioner was eligible for consideration for parole, but parole was properly denied after consideration of the proper factors pursuant to Executive Law § 259-c (4). As noted, the petitioner does not challenge the general denial of parole release. The petitioner contends that rescinding conditional parole for deportation only, once it was granted, violated his due process rights.

The Parole Board was not required to grant conditional parole for deportation only solely because the petitioner was eligible for such relief (*see Matter of Samuel v Alexander*, 69 AD3d 861 [2010]; *Matter of Oyekoya v New York State Dept. of Parole*, 276 AD2d 960 [2000]). However, the rescission of conditional parole for deportation only, once granted, requires due process of law, pursuant to the procedure for rescission set forth in the regulations which govern the Parole Board (*see Matter of Rizo v New York State Bd. of Parole*, 251 AD2d 997 [1998]; *Matter of Ortiz v New York State Bd. of Parole*, 239 AD2d 52 [1998]).

Rescission of parole release is authorized where there is "significant information which existed . . . prior to the rendition of the parole release decision, where such information was not known by the board" (9 NYCRR 8002.5 [b] [2] [i]). Except in circumstances not relevant here, after there is a rescission hearing, the Parole Board must be "satisfied that substantial evidence was presented at the hearing to form a basis for rescinding the grant of release" before rescinding parole (9 NYCRR 8002.5 [d] [1]).

Here, the Parole Board did not provide any information as to why the petitioner's conditional parole for deportation only was rescinded. That action was taken without any fact-finding or hearing. Thus, the petitioner was deprived of his right to due process of law. Accordingly, the Supreme Court should have granted the petition, annulled the determination dated March 10, 2014, and reinstated the petitioner's grant of conditional parole for deportation only. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.