People ex rel. Grate v Artus (2018 NY Slip Op 02974)





People ex rel. Grate v Artus


2018 NY Slip Op 02974


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


439 KAH 16-01343

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. DARRYL GRATE, PETITIONER-APPELLANT, 
 v
MICHELLE ARTUS, SUPERINTENDENT, LIVINGSTON CORRECTIONAL FACILITY, AND TINA MARIE STANFORD, CHAIR, NEW YORK STATE BOARD OF PAROLE, RESPONDENTS-RESPONDENTS. 






CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered September 29, 2015 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus, contending that he is entitled to immediate release from custody because respondents breached an implied agreement guaranteeing his release to parole if he participated in mandated programs while incarcerated. Supreme Court properly dismissed the petition. As in People ex rel. Germenis v Cunningham (73 AD3d 1297 [3d Dept 2010]), petitioner premises his contention on a document entitled "Program Refusal Notice," also known as form 3617. That document notified prisoners that, inter alia, a "refusal to participate in recommended programming may result in the denial of [p]arole." Like the petitioner in Germenis, petitioner herein contends that the quoted language "amounted to a contractual obligation to release him on parole in the event that he participated in recommended programming" (id. at 1298). We agree with the Third Department that "[t]he document in question discloses no basis upon which to conclude that it created a contractual obligation" and, as a result, we conclude that the court properly dismissed the petition (id.; see People ex rel. MacKenzie v Cunningham, 78 AD3d 1434, 1434 [3d Dept 2010]; People ex rel. St. Pierre v Cunningham, 73 AD3d 1310,
1310-1311 [3d Dept 2010]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court