■ In the Matter of JOHN B. MORRISON, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term, entered October 20, 1980 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination denying petitioner parole and ordered a new parole hearing. In 1977, while on parole, petitioner was convicted of robbery in the second degree and sentenced to a term of from 5 to 10 years. Because of a credit for time already served, he was afforded a parole release hearing in August, 1979, following which the respondent Board of Parole advised the petitioner that parole release was denied and that he would not be reconsidered for parole for an additional 24 months, the maximum period allowable. The board gave as its reasons for denying parole: "You were on parole only a short time before you again became involved in criminal activity. You came before the Board because you are credited with prior time served. Your release at this time would diminish the seriousness of the crime and sentence as imposed by the courts." Concluding that the board's decision was not made in compliance with section 259-i (subd 2, par [c]) of the Executive Law and the regulations promulgated thereunder, Special Term annulled the board's determination and directed that petitioner be granted a new parole release hearing. Parole release is to be granted when "there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law." (Executive Law, § 259-i, subd 2, par [c].) In reaching its decision not to release petitioner, the record indicates that the board gave consideration to petitioner's institutional record, specifically therapy and counseling he had received, and to the effects alcohol, a poor family situation and the absence of constructive guidance during adolescence may have had on him. Inasmuch as he presented no release plans, the board cannot be faulted for failing to weigh them. Given that he committed the present offense while on parole, the finding that his release would diminish the seriousness of his crime was not an irrational one (cf. *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77). Viewing the petition in this context, the board's failure to consider petitioner's employment, education and training received while in prison was, at best, a *de minimis* transgression. Judgment reversed, on the law and the facts, determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Main, Casey and Yesawich, Jr., JJ., concur.