In the Matter of JESUS JORGE, Respondent, v̇ EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, et al., Appellants.

Third Department, January 28, 1982

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Frederick R. Walsh, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellants.

*Barbara S. Schneider Corner,* for respondent.

### OPINION OF THE COURT

CASEY, J.

On this appeal, the board, relying on *Matter of Russo v New York State Bd. of Parole* (50 NY2d 69), contends that since the minimum period of imprisonment of five years imposed on petitioner, who had been sentenced to a maximum of 10 years, was outside the board's guidelines but accompanied by detailed written reasons, consideration of the sentencing Judge's recommendation was not required. Neither *Russo* nor other recent case law supports this contention, which we find untenable.

Pursuant to subdivision 4 of section 259-c of the Executive Law, the board is required to "establish written guide-

lines for its use in \*\*\* the fixing of minimum periods of imprisonment or ranges thereof for different categories of offenders". Section 259-i (subd 1, par [a]) of the Executive Law requires the board to "determine the minimum period of imprisonment \*\*\* in accordance with the guidelines adopted pursuant to [subdivision 4 of section 259-c]. Such guidelines shall include (i) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court". The board is empowered to depart from its guidelines in imposing a minimum period of imprisonment (MPI) as long as it gives detailed written reasons for its determination (Executive Law, § 259-i, subd 1, par [b]).

The regulatory guidelines adopted by the board are designed to give a range for the MPI using a grid which has indices based upon the inmate's offense severity score (from 1 to 9) and prior criminal history score (from 0 to 11) (see 9 NYCRR 8001.3). The regulations provide that the time ranges indicated in the grid are "merely guidelines" and that "[m]itigating or aggravating factors may result in decisions above or below the guidelines" (9 NYCRR 8001.3 [c]). Certain severe crimes, including that which petitioner stands convicted of, are assigned no range for MPI on the grid and, therefore, automatically fall outside the guidelines.

In *Russo* (*supra,* p 75), the court merely recognized that section 259-i (subd 1, par [b]) authorizes the board to depart from the guidelines promulgated by the board. Nowhere is the board authorized to ignore the statutory criteria to be considered in fixing the MPI. "[W]e read the purpose of the statute as requiring that those criteria which are relevant to a particular inmate be taken into account by the board in reaching an MPI determination" (*Matter of Qafa v Hammock,* 80 AD2d 952, 953). Indeed, the board's own regulations recognize that the guidelines to be departed from on occasion are the time ranges contained in the grid, not the factors to be considered (9 NYCRR 8001.3). Those same regulations specifically require that "[t]he information to be considered at the MPI hearing shall include \*\*\* all available presentence memoranda, *the nature of the sentence,* [and] the court in which he was

sentenced" (9 NYCRR 8001.2 [b]; emphasis added). No exception from this requirement is made for an MPI outside the guidelines. Accordingly, we reject the board's claim that it was not required to consider the sentencing Judge's recommendation.

Recently, we have held that "in the absence of any convincing showing to the contrary, it must be presumed that the board fulfilled its statutory duty and did consider the enumerated factors" (*Matter of Friedman v Hammock*, 80 AD2d 976, 977; see, also, *Matter of Qafa v Hammock*, *supra*). Here, however, the board concedes that it neither had the sentencing minutes nor made any effort to ascertain the sentencing Judge's recommendation. In *Matter of Morrison v Hammock* (81 AD2d 704), we held that in view of the various factors upon which the board's MPI determination was based, its failure to consider certain other factors was "at best, a *de minimis* transgression". The board's MPI determination here, however, was based solely on the serious nature of the crime and its consequences, and, therefore, the recommendation of the sentencing Judge, who was familiar with the nature of the crime and its consequences, was clearly relevant. Since that recommendation was favorable to petitioner, we find that the board's failure to consider the recommendation rises to the level of "irrationality bordering on impropriety", justifying judicial intervention (*Matter of Russo v New York State Bd. of Parole, supra,* p 77). Accordingly, the judgment of Special Term must be affirmed.

The judgment should be affirmed, without costs.

SWEENEY, J. P., KANE, YESAWICH, JR., and WEISS, JJ., concur.

Judgment affirmed, without costs.