■ In the Matter of DIANE EDWARDS, Respondent, v BRION D. TRAVIS, Appellant. [758 NYS2d 121] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, dated April 19, 2001, which, after a hearing, denied the petitioner's request to be released to parole, the appeal, by permission, is from an order of the Supreme Court, Westchester County (Adler, J.), entered September 18, 2002, which granted the petition to the extent of annulling the determination and remitting the matter to the New York State Division of Parole for a de novo hearing.

Ordered that the order is affirmed, without costs or disbursements.

Before making a parole release decision, the Executive Law requires a parole board to consider, among other things, the inmate's institutional record, performance in a temporary release program, and release plans (*see* Executive Law § 259-i [2] [c] [A]). Additionally, where a court determines the minimum sentence of imprisonment, as was done here, the parole board is also required to consider, among other factors, the "recommendations of the sentencing court" (Executive Law § 259-i [1] [a] [i]; [2] [c] [A]).

Here, the New York State Division of Parole (hereinafter the Division) conceded that it did not consider the sentencing minutes before it rendered its decision. The minutes reveal that the sentencing judge did not intend the petitioner to serve more than the minimum term of imprisonment. Since the minutes contain what is, essentially, a recommendation of the sentencing court, the Division's admitted failure to consider the minutes justified judicial intervention. Accordingly, the Supreme Court properly annulled the determination and remitted the matter to the Division for a de novo hearing. Altman, J.P., Luciano, H. Miller and Rivera, JJ., concur.