■ In the Matter of MANUEL RIVERA, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [804 NYS2d 122]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 21, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of the Board of Parole denying petitioner's request for parole release and the disclosure of certain documents under the Freedom of Information Law.

Following his conviction of numerous felonies arising from three separate incidents occurring in 1985, 1986 and 1987, petitioner was sentenced to an aggregate term of 15$^{1}/_{3}$ years to 40 years in prison. Although he was denied parole at his initial parole hearing in December 2001, the determination was later reversed on administrative appeal due to the fact that erroneous information had been considered, and a de novo hearing was ordered. After the de novo hearing in April 2003, petitioner was denied release and ordered to reappear before the Board of Parole in December 2003. Upon his reappearance, he was again denied release and ordered to reappear before the Board in December 2005. During the course of the proceedings, petitioner made various requests under the Freedom of Information Law (*see* Public Officers Law art 6) for the disclosure of his parole records, the most recent of which was in December 2003. There-

after, in June 2004, petitioner commenced the instant CPLR article 78 proceeding challenging the denial of his requests for parole as well as the Board's failure to provide him with the requested parole records. Following joinder of issue, Supreme Court found petitioner's claims to be without merit and dismissed the petition. This appeal ensued.

Initially, we agree with Supreme Court that the Board's determination made after the April 2003 de novo hearing is rendered moot by petitioner's December 2003 reappearance before the Board (*see Matter of Baez v Travis*, 10 AD3d 778 [2004], *lv denied* 4 NY3d 702 [2004]). As for the Board's December 2003 determination, we find no indication that it reflects a " 'showing of irrationality bordering on impropriety' " such as would warrant annulment (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). The record discloses that, in addition to the serious nature of petitioner's crimes, the Board considered petitioner's program participation, prison disciplinary record and postrelease plans. Thus, the Board properly took into account the statutory factors set forth in Executive Law § 259-i and was not required to articulate each specific factor in its decision or give each factor equal weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]).

As for petitioner's request for the disclosure of his parole records under the Freedom of Information Law, it appears that respondent granted petitioner's latest request in March 2005 to the extent required by law. Consequently, inasmuch as petitioner has been afforded all of the relief to which he is entitled, this claim is moot (*see Matter of Ramos v New York State Div. of Parole*, 2 AD3d 936, 937 [2003]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.