■ In the Matter of NORRIS J. McLAURIN, Respondent-Appellant, v NEW YORK STATE BOARD OF PAROLE, Appellant-Respondent. [812 NYS2d 122]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole that the petitioner be held for an additional 24 months, the appeal and cross appeal are from a judgment of the Supreme Court, Orange County (Rosenwasser, J.), dated October 28, 2004, which directed the Division of Parole to conduct a de novo hearing.

Ordered that the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that within 30 days of the service of a copy of this decision and order, the Division of Parole shall obtain the petitioner's resentencing minutes dated June 16, 1998, and within 30 days thereafter shall conduct a de novo hearing in accordance herewith.

Contrary to the contention of the New York State Board of Parole (hereinafter the Board) the Supreme Court did not err in granting the petition and directing that it hold a de novo hear-

ing. The statements in the County Court's resentencing minutes constituted a sentencing recommendation by the sentencing judge. Thus, the Board was required to obtain and consider those minutes prior to making its determination (*see* Executive Law § 259-i; *Matter of Edwards v Travis*, 304 AD2d 576 [2003]; *Matter of Boudin v Travis*, 6 Misc 3d 1005[A]; *see also Matter of Weinstein v Dennison*, 7 Misc 3d 1009[A], 2005 NY Slip Op 50518[U] [2005]).

The statute mandates that a certified copy of the sentencing minutes be delivered "to the person in charge of the institution to which the defendant has been delivered" (CPL 380.70), presumably to be placed in the inmate's permanent file so as to be available for, inter alia, parole hearings. In this instance, the Board has conceded that, notwithstanding that statutory mandate, the minutes of the petitioner's June 1998 resentencing were not available to it prior to the defendant's second parole hearing in August 2003. Accordingly, within 30 days of the service of a copy of this decision and order, the Division of Parole shall obtain the aforementioned minutes, and within 30 days thereafter conduct a de novo hearing at which the statements of the sentencing court at the resentencing are to be considered as an additional factor in determining whether or not to release the petitioner on parole (*see* Executive Law § 259-i; *Matter of Edwards v Travis*, 304 AD2d 576 [2003]; *Matter of Weinstein v Dennison*, 7 Misc 3d 1009[A], 2005 NY Slip Op 50518[U] [2005]; *Matter of Boudin v Travis*, 6 Misc 3d 1005[A], 2003 NY Slip Op 51741[U] [2003]).

After the appeal was perfected and before oral argument, this Court was informed by letters from both the Board and the petitioner that in August 2005 the petitioner had another parole hearing. Ordinarily this would have rendered the appeal academic and required dismissal of the appeal (*see Matter of Rivera v Travis*, 8 AD3d 716 [2004]; *Matter of Siao-Pao v Travis*, 5 AD3d 150 [2004]). However, since it is also clear from those letters and from the statements at oral argument that the Board still does not have the resentencing minutes and thus has not considered them, this matter presents an exception to the mootness doctrine because the substantial issue presented is likely to recur (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Marino v Travis*, 13 AD3d 453, 455 [2004]; *see also Matter of M.B.*, 21 AD3d 28, 30).

The petitioner's remaining contentions are without merit. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.