■ In the Matter of JOHN STANDLEY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [825 NYS2d 568]—

Motion for permission to proceed as a poor person. Motion for reargument or, in the alternative, for permission to appeal to the Court of Appeals. Upon the papers filed in support of the motions and the papers filed in opposition thereto, it is ordered that the motion for permission to proceed as a poor person is granted, without costs, to the extent that the filing fee required by CPLR 8022 is waived, and it is further ordered that the motion for reargument is granted, without costs, and the memorandum and order decided and entered June 8, 2006 (30 AD3d 730 [2006]) is vacated and the following memorandum and or-

* Respondent's appeal from this subsequent order is pending before this Court.

der is substituted therefor, and it is further ordered that the motion for permission to appeal to the Court of Appeals is denied, without costs, as academic:

Appeal from a judgment of the Supreme Court (Connor, J.), entered October 17, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a term of 20 years to life in prison upon his conviction of murder in the second degree. At his first appearance before the Board of Parole in July 2003, his request for parole was denied, but he successfully challenged the denial and was granted a de novo hearing in July 2004. Following the July 2004 de novo hearing, which resulted in another denial, petitioner again successfully challenged this decision and a second de novo hearing was held in January 2005. At the conclusion of the January 2005 de novo hearing, petitioner's request for parole was again denied. The decision was made retroactive to July 2003 and petitioner was ordered to reappear before the Board in July 2005. Prior to the resolution of his administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the decision rendered after the January 2005 de novo hearing. Supreme Court dismissed the petition as moot and petitioner now appeals.

The record establishes that the Board repeatedly failed to consider the sentencing minutes and recommendations of the sentencing court when it reviewed petitioner's requests for parole in July 2003, July 2004 and January 2005. When petitioner reappeared in July 2005 during the pendency of this appeal, the Board again failed to consider these factors. Thus, although petitioner's reappearance would normally render this appeal moot, an exception to the mootness doctrine is presented inasmuch as a substantial issue is involved which continues to evade review (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of McLaurin v New York State Bd. of Parole*, 27 AD3d 565 [2006], *lv denied* 7 NY3d 708 [2006]). That issue is the Board's failure to comply with the provisions of Executive Law § 259-i which mandate consideration of the sentencing minutes and recommendations of the sentencing court in reviewing applications for parole release (*see* Executive Law § 259-i [1] [a] [i]; [2] [c] [A]; *Matter of Edwards v Travis*, 304 AD2d 576 [2003]; *Matter of Walker v New York State Div. of Parole*, 203 AD2d 757 [1994]). Given this omission, which is not contested, the judgment must be reversed and the matter remitted to the Board for a de novo hearing during which the sentenc-

ing minutes and recommendations of the sentencing court shall be considered by the Board.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Board of Parole which is directed to obtain petitioner's sentencing minutes and the recommendations of the sentencing court within 30 days of this Court's decision and to conduct a de novo hearing within 45 days of the date thereof.