■ In the Matter of JOHN STANDLEY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [837 NYS2d 376]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 6, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a term of 20 years to life in prison upon his conviction of murder in the second degree. His

first request for parole release was denied by the Board of Parole in July 2003; however, petitioner successfully challenged the denial and was granted a de novo hearing in July 2004. Following the July 2004 hearing, petitioner was again denied parole release. Petitioner was subsequently brought before the Board for a second de novo hearing in January 2005. At the conclusion of the January 2005 hearing, parole release was denied and petitioner was ordered to reappear before the Board in July 2005. Petitioner commenced a CPLR article 78 proceeding to challenge that determination. By judgment entered October 17, 2005, Supreme Court (Connor, J.) dismissed the petition as moot, since petitioner had, by that time, reappeared before the Board in July 2005 and was again denied parole release. Petitioner appealed, arguing that the Board had repeatedly failed to consider the sentencing minutes and the recommendations of the sentencing judge when it reviewed his requests for parole release in July 2003, July 2004 and January 2005 (*see Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169 [2006]). The Board again failed to consider these factors when petitioner reappeared in July 2005.

Although petitioner's subsequent reappearance before the Board would normally have rendered review of the January 2005 parole denial moot, the Board's repeated failure to consider the sentencing minutes and recommendations of the sentencing judge, as required by Executive Law § 259-i, raised a substantial issue that continued to evade review and, thus, presented an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Accordingly, we reversed the judgment and remitted the matter to the Board, with the direction that the Board obtain the sentencing minutes and recommendations of the sentencing court and hold a de novo hearing within 45 days (*Matter of Standley v New York State Div. of Parole, supra* at 1170-1171). In the meantime, however, petitioner had commenced this CPLR article 78 proceeding to review the July 2005 denial of parole release, raising, once more, the fact that the Board had not considered the sentencing minutes or the recommendations of the sentencing court. The petition was dismissed by Supreme Court, resulting in this appeal.

As ordered by this Court, the Board obtained and considered the sentencing minutes and recommendations of the sentencing court, and conducted a de novo hearing on January 23, 2007. Thus, although petitioner's request for parole release was once again denied, petitioner has obtained all of the relief he sought by this appeal and the appeal has been rendered moot (*see Mat-*

*ter of Rivera v New York State Div. of Parole*, 23 AD3d 863, 864 [2005], *lv denied* 6 NY3d 709 [2006]). The circumstances presented here, unlike those of petitioner's previous appeal, implicate no exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714-715; *Matter of McLaurin v New York State Bd. of Parole*, 27 AD3d 565, 566 [2006], *lv denied* 7 NY3d 708 [2006]). Accordingly, the appeal must be dismissed.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.