■ In the Matter of KAHILL BERRY, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [855 NYS2d 310]—

Appeal from a judgment of the Supreme Court (Donohue, J.), entered July 31, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1993, petitioner was convicted upon his plea of guilty of attempted possession of a weapon in the third degree and sentenced as a second violent felony offender to a prison term of two years to life. In May 2006, the Board of Parole denied petitioner's request for parole release for the seventh time and ordered him held for an additional 24 months. Petitioner commenced this CPLR article 78 proceeding challenging that determination. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

Contrary to petitioner's contention, the Board did not rely solely on the nature of the crime in rendering its decision. Rather, the record reflects that the Board properly considered other factors enumerated in Executive Law § 259-i, including petitioner's positive institutional programming record and achievements, his minimal disciplinary record, his receipt of certificates of earned eligibility and his plans for reentering the community. However, the Board is not required to give each factor equal weight and was free to emphasize the serious nature of the instant offense, which was committed while petitioner was on parole and which involved the exchange of gunfire causing injury to the intended victim, injury to a police officer and the death of petitioner's codefendant (*see Matter of Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152 [2008]; *Matter of Schettino v New York State Div. of Parole*, 45 AD3d 1086,

1086 [2007]). Inasmuch as petitioner has not established that the Board's decision was irrational to the point of impropriety (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]), it will not be disturbed. Petitioner's remaining contentions, including his claim that the Board's decision effectively constitutes resentencing, have been considered and found to be without merit.

Mercure, J.P., Carpinello, Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.