■ In the Matter of ANTHONY SMITH, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [882 NYS2d 759]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 29, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner currently is serving a prison term of 15 years to life following his 1989 conviction of kidnapping in the first degree. Petitioner made his third appearance before the Board of Parole in August 2007 and, at the conclusion of the hearing, the Board denied petitioner's request for release and ordered him held for an additional 24 months. Upon receiving no response to his administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking to annul the Board's determination. Supreme Court dismissed petitioner's application, prompting this appeal.

Contrary to petitioner's assertion, the record reflects that in denying his request for parole release, the Board considered the relevant statutory factors set forth in Executive Law § 259-i, including the serious nature of petitioner's crime and his prison disciplinary record, program accomplishments and postrelease plans (*see Matter of MacKenzie v Dennison*, 55 AD3d 1092 [2008]; *Matter of Berry v New York State Div. of Parole*, 50 AD3d 1346 [2008]). In this regard, it is well settled that "the Board is not required to give each factor equal weight and was free to emphasize the serious nature of the instant offense" (*Matter of Berry v New York State Div. of Parole*, 50 AD3d at 1346; *see Matter of Barnes v New York State Div. of Parole*, 53 AD3d 1012 [2008]). Similarly, the record as a whole does not support petitioner's claims that he was denied a fair hearing and that the hold imposed was either excessive (*see Matter of Williams v New York State Div. of Parole*, 23 AD3d 800, 801 [2005]) or constituted an unauthorized resentencing (*see Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961, 962 [2006], *lv denied* 8 NY3d 803 [2007]).

We reach a contrary conclusion, however, as to the Board's failure to consider the sentencing minutes—apparently due to an inability to locate them. On appeal, respondent concedes and our review of the record confirms that the unavailability of those minutes was not adequately established. Accordingly, we reverse Supreme Court's judgment and remit this matter to the Board for a de novo hearing at which the sentencing minutes, if available, are to be considered, together with any recommendations that may have been made by the sentencing court (*see Matter of Carter v Dennison*, 42 AD3d 779 [2007]; *Matter of Lovell v New York State Div. of Parole*, 40 AD3d 1166, 1167

[2007]; *Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170-1171 [2006]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Board of Parole which is directed to obtain petitioner's sentencing minutes, if available, and the recommendations of the sentencing court, if any, within 30 days of this Court's decision and to conduct a de novo hearing within 45 days of the date thereof.