■ In the Matter of FERNANDO SERRANO, Appellant, v GEORGE ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [894 NYS2d 221]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered July 8, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of 15 years to life upon his 1987 conviction of murder in the second degree. He made his fourth appearance before the Board of Parole in May 2008 and, at the conclusion of the hearing, the Board denied petitioner's request for release and ordered him held an additional 24 months. When petitioner failed to receive a timely response to his administrative appeal, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, prompting this appeal.

We affirm. The record discloses that, contrary to petitioner's contention, the Board did not solely base its decision on the seriousness of his underlying crime. Rather, the Board considered the pertinent factors set forth in Executive Law § 259-i in making its decision, including petitioner's lack of a criminal history, his institutional record, his program accomplishments and

his postrelease plans (*see Matter of Smith v New York State Div. of Parole*, 64 AD3d 1030, 1031 [2009]). The Board "need not enumerate, give equal weight or explicitly discuss every factor considered" (*Matter of Barnes v New York State Div. of Parole*, 53 AD3d 1012, 1012 [2008] [internal quotation marks and citations omitted]; *accord Matter of Marziale v Alexander*, 62 AD3d 1227, 1227 [2009]) and was entitled, as it did here, to place a greater emphasis on the gravity of his crime (*see Matter of Karlin v Alexander*, 57 AD3d 1156, 1157 [2008], *lv denied* 12 NY3d 704 [2009]). Accordingly, inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Mercure, J.P., Rose, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.