■ In the Matter of EDGAR RUIZ, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [894 NYS2d 582]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered July 16, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, who has a long criminal record, was convicted in

May 2006 of two counts of criminal sale of a controlled substance in the fourth degree as the result of his involvement in drug sales occurring in April 2005 and January 2006. As a second felony offender, he was sentenced on each count to $3^{1}/_{2}$ years in prison, to run concurrent to one another and consecutive to a prior undischarged term of imprisonment, as well as to three years of postrelease supervision. In April 2008, he made his first appearance before the Board of Parole seeking parole release. At the conclusion of the hearing, the Board denied his request and ordered him held for an additional 24 months. Petitioner took an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Initially, we note that parole decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Veras v New York State Div. of Parole*, 56 AD3d 878, 879 [2008]; *Matter of Wise v New York State Div. of Parole*, 54 AD3d 463, 464 [2008]). Here, the record discloses that, in denying petitioner's request for parole release, the Board properly considered relevant statutory factors, including the seriousness of petitioner's crimes, his lengthy criminal record, his numerous prison disciplinary infractions, his program accomplishments as well as failures and his postrelease plans for residence and employment (*see Matter of Smith v New York State Div. of Parole*, 64 AD3d 1030, 1031 [2009]; *Matter of Karlin v Alexander*, 57 AD3d 1156, 1156-1157 [2008], *lv denied* 12 NY3d 704 [2009]). Although petitioner takes issue with the Board's failure to consider the sentencing minutes, they were unavailable at the time of the parole hearing despite the Board's efforts to obtain them. Any error in the Board's decision to proceed with the hearing and to render a determination without the minutes was harmless given that the minutes were before Supreme Court and do not indicate that the sentencing court made any recommendations with respect to parole (*see Matter of Cruz v Alexander*, 67 AD3d 1240 [2009]; *Matter of Abbas v New York State Div. of Parole*, 61 AD3d 1228, 1229 [2009]). Petitioner's challenge to the computation of his 2006 sentences as running consecutive to his prior undischarged term of imprisonment was the subject of a separate unsuccessful CPLR article 78 proceeding and, as such, is precluded by the doctrine of collateral estoppel (*see Matter of Guzman v Chairman, N.Y. State Div. of Parole*, 260 AD2d 735, 735-736 [1999], *lv denied* 93 NY2d 812 [1999]). In sum, given that the Board's determination does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v*

*Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Mercure, J.P., Malone Jr., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.