■ In the Matter of JEHAN ABDUR-RAHEEM, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [911 NYS2d 257]—

Appeal from a judgment of the Supreme Court (Connolly, J.), entered February 25, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner was convicted of, among other things, multiple counts of murder in the second degree following the shooting deaths of various individuals he believed were involved in drug trafficking. As a result, he is currently serving aggregate concurrent terms of imprisonment having a maximum of 25 years to life. In December 2008, he made his fifth appearance before respondent seeking parole release. Respondent denied his request and ordered him held for an additional 24 months. Petitioner filed an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article

78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

We affirm. "It is well settled that '[i]n reviewing an inmates's request for parole release, the Board must consider various statutory factors (*see* Executive Law § 259-i [1]; [2] [c] [A]), but it is not required to give equal weight to or discuss every factor it considered in reaching its discretionary determination' " (*Matter of Griffin v Dennison*, 32 AD3d 1060, 1061 [2006], quoting *Matter of Parmes v Travis*, 17 AD3d 885, 886 [2005]; *see Matter of Carter v Dennison*, 19 AD3d 974, 975 [2005]; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 812-813 [2001], *lv denied* 97 NY2d 607 [2001]). Here, a review of the record reveals that respondent took into account not only the serious nature of the crimes committed by petitioner, but also his prison disciplinary record, program accomplishments and postrelease plans. Respondent was entitled, as it did, to place particular emphasis on the gravity of the crimes in denying petitioner's request (*see Matter of Serrano v Alexander*, 70 AD3d 1099, 1100 [2010]; *Matter of Freeman v New York State Div. of Parole*, 21 AD3d 1174, 1175 [2005]). While petitioner asserts that respondent relied upon misinformation pertaining to a prior conviction that was vacated in 2001, this claim is belied by the record inasmuch as respondent explicitly acknowledged during the parole hearing that this crime would not be considered. Contrary to petitioner's argument, his two convictions by *Alford* plea have not been vacated; respondent could consider the facts underlying those convictions, as well as petitioner's continued failure to accept responsibility for those crimes (*see Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]). Petitioner's remaining contentions have been considered and are lacking in merit. Given that respondent's decision does not exhibit " 'irrationality bordering on impropriety' " (*id.* at 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Cardona, P.J., Peters, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.