■ In the Matter of JOHN DALTON, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [923 NYS2d 917]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered June 24, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving an aggregate prison term of seven years to life stemming from his 1991 conviction for murder in the second degree. Following his sixth appearance before the Board of Parole in March 2009, petitioner's request for parole release was denied and the Board ordered that he be held for an additional 24 months. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Board's determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Initially, to the extent that the Attorney General contends that this appeal is moot by virtue of petitioner's reappearance before the Board, we find that the circumstances here warrant our finding that the exception to the mootness doctrine applies, inasmuch as the Board has failed to render a final determination as a result of either of petitioner's reappearances (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *see e.g. Matter of Standley v New York State Div. of Parole*, 34 AD3d 1169, 1170 [2006]). Turning to the merits, parole release decisions are discretionary and will not be disturbed when the Board has complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Santos v Evans*, 81 AD3d 1059, 1060 [2011]; *Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163 [2010]). Moreover, in rendering its decision, the Board need not articulate every statutory factor considered, nor must it accord every factor equal weight (*see Matter of Abdur-Raheem v New York State Bd. of Parole*, 78 AD3d 1412, 1413 [2010]; *Matter of Serrano v Alexander*, 70 AD3d 1099, 1100 [2010]). Here, the record demonstrates that the Board appropriately considered petitioner's programmatic and educational achievements, prison disciplinary record and proposed release plans as well as the nature of the instant crime (*see Matter of Perez v Evans*, 76 AD3d 1130, 1131 [2010]; *Matter of Rodriguez v Alexander*, 71 AD3d 1354 [2010], *lv denied* 15 NY3d 703 [2010]). While it appears that the Board accorded more weight to the nature and seriousness of petitioner's murder conviction, we cannot say that its determination demon-

strates " 'irrationality bordering on impropriety' " (*Matter of Perez v Evans*, 76 AD3d at 1131, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Rose, J.P., Lahtinen, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.