■ In the Matter of MIQUEL MATOS, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. [929 NYS2d 343]—

In 1980, petitioner was convicted of two counts of murder in the second degree and was sentenced to concurrent prison terms of 20 years to life and 25 years to life. In December 2009, he made his fourth appearance before respondent Board of Parole seeking to be released to parole supervision. At the conclusion of the hearing, his request was denied and he was ordered held an additional 24 months. Petitioner took an administrative appeal and, when he did not receive a timely response, he com-

menced this CPLR article 78 proceeding. Supreme Court dismissed the petition, resulting in this appeal.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed as long as the statutory requirements of Executive Law § 259-i are satisfied (*see Matter of McAllister v New York State Div. of Parole*, 78 AD3d 1413, 1414 [2010], *lv denied* 16 NY3d 707 [2011]; *Matter of Williams v Alexander*, 71 AD3d 1264, 1265 [2010]). Petitioner's claim that the Board failed to properly consider the statutory factors is belied by the record as it reveals that, in denying petitioner's request for release, the Board took into account the serious nature of petitioner's crimes, his criminal history, prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Sutherland v Evans*, 82 AD3d 1428, 1429 [2011]; *Matter of Carter v Evans*, 81 AD3d 1031, 1031 [2011], *lv denied* 16 NY3d 712 [2011]). Although petitioner contends that the Board placed undue emphasis on the serious nature of the crimes, it was entitled to do so as it was not required to give each statutory factor equal weight (*see Matter of Watson v New York State Bd. of Parole*, 78 AD3d 1367, 1368 [2010]). Indeed, the serious nature of the crimes is a factor to which the Board is entitled to give great weight (*see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]). Furthermore, while it is unclear whether the Board considered the sentencing minutes, any error in this regard was harmless given that the sentencing minutes do not disclose that the sentencing court made any recommendations concerning parole (*see Matter of Davis v Lemons*, 73 AD3d 1354 [2010]; *Matter of Ruiz v New York State Div. of Parole*, 70 AD3d 1162, 1163 [2010]). In fact, petitioner was sentenced to the maximum permissible term of imprisonment on one of the counts of which he was convicted. In sum, we do not find that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]) and, therefore, we decline to disturb it. Petitioner's remaining contentions, to the extent not specifically addressed herein, are unavailing.

Spain, J.P., Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.