■ In the Matter of FLORIO VALENTINO, Appellant, v ANDREA D. EVANS, as Chair of the New York State Division of Parole, Respondent. [937 NYS2d 737]—

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed so long as the Board complied with the statutory requirements set forth in Executive Law § 259-i (*see Matter of Dalton v Evans*, 84 AD3d 1664, 1664 [2011]; *Matter of Smith v New York State Div. of Parole*, 81 AD3d 1026, 1026 [2011]). Significantly, the Board is not required to articulate every factor considered in making its decision or to accord each factor equal weight (*see Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]; *Matter of Serrano v Alexander*, 70 AD3d 1099, 1100 [2010]). Contrary to petitioner's claim, the record here discloses that the Board complied with the statutory requirements, taking into consideration not only the violent nature of petitioner's crimes and his past criminal history, but also his prison disciplinary record, program accomplishments, educational achievements and postrelease plans (*see Matter of Sutherland v Evans*, 82 AD3d 1428, 1429 [2011]; *Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]). Nor do we find merit to petitioner's claim that the Board's decision violated the double jeopardy clause of the US Constitution. In sum, the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), and we find no reason to disturb it.

Mercure, A.P.J., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.