■ In the Matter of JACK VIGLIOTTI, Appellant, v STATE OF NEW YORK EXECUTIVE DIVISION OF PAROLE, Respondent. [950 NYS2d 619]—

Appeal from a judgment of the Supreme Court (Cahill, J.), entered January 13, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1998, petitioner was convicted of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree and was sentenced to an aggregate term of 12½ to 25 years in prison. In November 2010, he made his first appearance before the Board of Parole seeking to be released to parole supervision. At the conclusion of the

hearing, petitioner's request was denied and he was ordered held an additional 24 months. Petitioner took an administrative appeal and, when it was not decided within four months, he commenced this CPLR article 78 proceeding. Following service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

We affirm. It is well settled that parole release decisions are discretionary and will not be disturbed so long as it is shown that the Board complied with the statutory requirements of Executive Law § 259-i (*see Matter of Valentino v Evans*, 92 AD3d 1054, 1055 [2012]; *Matter of Mentor v New York State Div. of Parole*, 87 AD3d 1245, 1245-1246 [2011], *lv denied* 18 NY3d 803 [2012], *cert denied* 566 US —, 132 S Ct 2437 [2012]).* Notably, in making its decision, the Board is not required to articulate each statutory factor considered nor give each factor equal weight (*see Matter of Valentino v Evans*, 92 AD3d at 1055; *Matter of Wright v Alexander*, 71 AD3d 1270, 1271 [2010]). Here, the record reveals that the Board took into account not only the serious nature of the crimes, but also petitioner's criminal history, his prison disciplinary record, program accomplishments and postrelease plans (*see Matter of MacKenzie v Evans*, 95 AD3d 1613, 1613-1614 [2012]; *Matter of Matos v New York State Bd. of Parole*, 87 AD3d 1193, 1194 [2011]). Contrary to petitioner's claim, the Board was entitled to place greater emphasis on the serious nature of the crimes over the other factors (*see Matter of Matos v New York State Bd. of Parole*, 87 AD3d at 1194; *Matter of Garofolo v Dennison*, 53 AD3d 734, 734-735 [2008]). Morever, we reject petitioner's assertion that the Board was also required to consider the statement of the victim of the crimes inasmuch as such statement was not made directly to the Board and pertained to petitioner's guilt or innocence of the crimes, an issue that was not before the Board (*see* Executive Law § 259-i [2] [c] [A] [v]; *Matter of Champion v Dennison*, 40 AD3d 1181, 1182 [2007], *lv dismissed* 9 NY3d 913 [2007]). Furthermore, given that petitioner did not challenge the accuracy of the information contained in the presentence investigation report before the sentencing court, he is precluded from arguing that the Board erred in relying upon such information (*see Matter of Carter v Evans*, 81 AD3d 1031, 1031-1032 [2011], *lv denied* 16 NY3d 712 [2011]; *Matter of Manley v New York State Bd. of Parole*, 21 AD3d 1209, 1209-1210 [2005], *lv denied* 6 NY3d 702 [2005]). In sum, the Board's decision does

---

* We note that Executive Law § 259-i and related parole statutes were amended after the Board's decision in this case (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, §§ 38-b, 38-f-1).

not exhibit " 'irrationality bordering on impropriety' " and we find no reason to disturb it (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Peters, P.J., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.