## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 29, 2015                    520454
_____

In the Matter of JOHN DUFFY,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER
NEW YORK STATE DEPARTMENT OF
    CORRECTIONS AND COMMUNITY
    SUPERVISION et al.,
                    Appellants.
_____

Calendar Date:   September 15, 2015

Before:   Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for appellants.

        Cynthia H. Conti-Cook, Legal Aid Society, New York City, for respondent.

                    _____

Lahtinen, J.

        Appeal from a judgment of the Supreme Court (Mott, J.), entered October 2, 2014 in Columbia County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78 to, among other things, annul a determination of respondent Board of Parole denying petitioner's request for parole release.

        In 1982, petitioner was sentenced to a prison term of 20 years to life upon his conviction of murder in the second degree for killing a 15-year-old boy by repeatedly stabbing him.  He was denied parole in August 2013 after his seventh appearance before respondent Board of Parole and thereafter commenced this

proceeding.  Supreme Court granted the petition and directed a de novo hearing after determining that the Board had failed to obtain and consider the sentencing minutes and accompanying recommendations by the sentencing judge when, in fact, such minutes were available.  The court further directed the Board to "explicitly address[]" the "degree to which [the victim impact statements] figure in the Board's decision."  Respondents appeal.[1]

Inasmuch as the sentencing minutes – previously believed to have been lost – were located after the Board's decision, directing a de novo hearing for the Board to consider such minutes was not error under these unique circumstances (see Matter of Smith v New York State Div. of Parole, 64 AD3d 1030, 1031 [2009]; Matter of Lovell v New York State Div. of Parole, 40 AD3d 1166, 1167 [2007]; Matter of Standley v New York State Div. of Parole, 34 AD3d 1169, 1170-1171 [2006]).  Although the sentencing minutes were available by the time Supreme Court decided the petition and do not explicitly reference a parole recommendation, the sentencing judge nonetheless implicitly addressed such issue by discussing in some detail his discomfort with the required maximum range of the sentence (i.e., life in prison) and then imposing less than the maximum on the lower range where he had discretion.  Such factors, together with the failure to timely locate available sentencing minutes and the fact that the Board's determination rested primarily upon the serious nature of the crime (see Matter of Jorge v Hammock, 84 AD2d 362, 364 [1982]), provide a narrow path for distinguishing this case from those where we have found harmless the Board's failure to consider the sentencing minutes (see e.g. Matter of Matos v New York State Bd. of Parole, 87 AD3d 1193, 1194 [2011]; Matter of Ruiz v New York State Div. of Parole, 70 AD3d 1162, 1163 [2010]).

Supreme Court's directive that the Board explicitly address the degree to which the victim impact statements figured in its

---

1  Contrary to petitioner's contention, Supreme Court's "decision/order" constituted an appealable final judgment within the context of this CPLR article 78 proceeding.

decision was improper. Among the many factors the Board is required by statute to consider are statements from crime victims or their representatives if they are deceased or incapacitated (see Executive Law § 295-i [2] [c] [A]). While the Board's ultimate decision denying parole cannot be wholly conclusory, this does not mean that each statutory factor must be discussed at length, as it is established that the Board "need not enumerate, give equal weight [to] or explicitly discuss every factor considered" (Matter of Leung v Evans, 120 AD3d 1478, 1479 [2014], lv denied 24 NY3d 914 [2015] [internal quotation marks and citations omitted]; see Matter of King v New York State Div. of Parole, 83 NY2d 788, 791 [1994]; Matter of Hamilton v New York State Div. of Parole, 119 AD3d 1268, 1270-1271 [2014]; Matter of Montane v Evans, 116 AD3d 197, 203 [2014], lv granted 23 NY3d 903 [2014], appeal dismissed 24 NY3d 1052 [2014]; Matter of Dalton v Evans, 84 AD3d 1664, 1664 [2011]; Matter of Abdur-Raheem v New York State Bd. of Parole, 78 AD3d 1412, 1413 [2010]). The Board cannot, however, rely on factors outside the scope of the statute in reaching its decision (see Matter of King v New York State Div. of Parole, 83 NY2d at 791).

In light of the brutal nature of petitioner's crime and the surrounding circumstances, it is not particularly surprising that the victim's family has remained vigilant and vocal in opposing parole. In doing so, some family members have publicly made certain factual allegations about petitioner – including in a self-published book – which petitioner adamantly denies. Moreover, some of the confidential submissions readily reflect the raw emotions of a close-knit family traumatized by a depraved and senseless murder. When the Legislature required the Board to consider victims' statements, it undoubtedly realized that these submissions would often be emotional and at times even touch upon inappropriate matters. Such fact does not require the Board to expressly disavow in its decision inappropriate matters interjected by victims or to somehow quantify the extent or degree to which it considered appropriate parts of victims' statements while disregarding other parts in its overall analysis of the statutory factors. Here, there is nothing in the Board's decision indicating that it was influenced by, placed weight upon, or relied upon any improper matter, whether in the victim's family statements or otherwise.

Peters, P.J. and Lynch, J., concur.


McCarthy, J. (dissenting).

I disagree with the majority's conclusion that the sentencing minutes contain a parole recommendation, and therefore, I respectfully dissent.[1]  Appellate courts should be careful to permit sentencing courts to make a record of their "due consideration [of] . . . the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence," and should not construe such remarks as parole recommendations merely because parole determinations require similar considerations (People v Farrar, 52 NY2d 302, 305 [1981]; accord People v Jones, 43 AD3d 1296, 1299 [2007], lv denied 9 NY3d 991 [2007]; compare Executive Law § 259-i [2] [c] [A]).  The sentencing minutes here reveal that County Court (Kalinowski, J.) made substantive remarks regarding the senselessness of the crime, the difficulty of sentencing petitioner due to his young age and the constraints that the law placed on the sentence to be imposed.  That court neither mentioned the word parole nor used words to a similar effect to describe a future determination regarding petitioner's release from prison.  The comments that the court made are attributable to its due consideration of the proper sentence for petitioner and, therefore, I cannot conclude that it intended to make a parole recommendation.  Accordingly, I find the failure to consider the sentencing minutes to be harmless (see Matter of Matos v New York State Bd. of Parole, 87 AD3d 1193, 1194 [2011]; Matter of Motti v Alexander, 54 AD3d 1114, 1115 [2008]).

_____

[1]  I agree with the majority's conclusion regarding the victim impact statements.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent Board of Parole to explicitly address the degree to which the statements of the victim's family figured in its decision, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court