McCarthy, J.
(dissenting). I disagree with the majority’s conclusion that the sentencing minutes contain a parole recommendation, and therefore, I respectfully dissent.* Appellate courts should be careful to permit sentencing courts to make a record of their “due consideration [of] . . . the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence,” and should not construe such remarks as parole recommendations merely because parole determinations require similar considerations (People v Farrar, 52 NY2d 302, 305 [1981]; accord People v Jones, 43 AD3d 1296, 1299 [2007], lv denied 9 NY3d 991 [2007]; compare Executive Law § 259-i [2] [c] [A]). The sentencing minutes here reveal that County Court (Kalinowski, J.) made substantive remarks regarding the senselessness of the crime, the difficulty of *1210 sentencing petitioner due to his young age and the constraints that the law placed on the sentence to be imposed. That court neither mentioned the word parole nor used words to a similar effect to describe a future determination regarding petitioner’s release from prison. The comments that the court made are attributable to its due consideration of the proper sentence for petitioner and, therefore, I cannot conclude that it intended to make a parole recommendation. Accordingly, I find the failure to consider the sentencing minutes to be harmless (see Matter of Matos v New York State Bd. of Parole, 87 AD3d 1193, 1194 [2011]; Matter of Motti v Alexander, 54 AD3d 1114, 1115 [2008]).
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent Board of Parole to explicitly address the degree to which the statements of the victim’s family figured in its decision, and, as so modified, affirmed.

 I agree with the majority’s conclusion regarding the victim impact statements.