*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 15, 2016          522891
_____

In the Matter of JOSE ALMONTE,
                    Appellant,

        v                                MEMORANDUM AND ORDER

NEW YORK STATE BOARD OF PAROLE,
                    Respondent.
_____

Calendar Date:   October 25, 2016

Before:   Peters, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Jose Almonte, Pine City, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (McCarthy, J.), entered March 23, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

        In 1992, petitioner was convicted of murder in the second degree and robbery in the first degree.[1]  He was sentenced to concurrent prison terms of 25 years to life for the murder conviction and 8⅓ to 25 years on the robbery conviction.  In

_____

        [1]  Petitioner was also convicted at that time on a second count of murder in the second degree and criminal possession of a weapon in the second degree.  Those convictions were subsequently reversed and the sentences imposed on them vacated (People v Almonte, 223 AD2d 593 [1996], lv denied 88 NY2d 979 [1996]).

July 2015, petitioner appeared before respondent and, at the conclusion of the hearing, respondent denied petitioner's request for release and ordered that he be held for 24 months. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, and petitioner now appeals.

We affirm. "[P]arole decisions are discretionary and will not be disturbed so long as [respondent] complied with the statutory requirements of Executive Law § 259-i" (Matter of Ruiz v New York State Div. of Parole, 70 AD3d 1162, 1163 [2010]; see Matter of Furman v Annucci, 138 AD3d 1269, 1270 [2016], lv dismissed 27 NY3d 1188 [2016]). Here, respondent denied release based upon the seriousness of the offense, petitioner's poor institutional record, his drug use, numerous tier infractions and his removal from institutional programs.

We reject petitioner's contention that he is entitled to a new parole hearing due to respondent's failure to consider his sentencing minutes. Although respondent denied release without considering the sentencing minutes, we find such error to be harmless, inasmuch as our review reflects that the sentencing minutes were included as an exhibit to the petition and reveal that the sentencing court made no parole recommendations (see Matter of Matos v New York State Bd. of Parole, 87 AD3d 1193, 1194 [2011]; Matter of Cruz v Alexander, 67 AD3d 1240, 1241 [2009]; compare Matter of Duffy v New York State Dept. of Corr. & Community Supervision, 132 AD3d 1207, 1208 [2015]). We note that petitioner was sentenced to the maximum term of imprisonment on the robbery conviction (see Penal Law § 70.00 [2] [b]; [3] [b]) and to the longest minimum term of 25 years for the murder conviction (see Penal Law § 70.00 [3] [a] [i]). Although the sentences were ordered to run concurrently, there is no indication in the sentencing minutes that this was intended as a parole recommendation. Given that respondent's decision does not exhibit "irrationality bordering on impropriety" (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]), it will not be disturbed.

Peters, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court